UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**BILLY D. CLAYTON**,

        Plaintiff,

vs.

                                                    No. CIV 1:97-327 JP/LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security**[1],

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party receives a copy of these Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition. A party must file any objections within the time period allowed if that party desires review by the district court. In the absence of timely-filed objections, no review will be entertained.

### PROPOSED FINDINGS

Plaintiff Billy D. Clayton ("Clayton") invokes this Court's jurisdiction under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Health and Human Services ("Commissioner"). The Commissioner determined that Clayton is not eligible for disability insurance benefits. Clayton now moves this Court for an order reversing for an

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for Acting Commissioner John J. Callahan as the defendant in this suit.

immediate award of benefits or, in the alternative, for an order remanding this matter for a rehearing.[2] (Mem. Supp. Mot. to Reverse or Remand at 19). This Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

### A.    Statement of the Facts

Clayton alleges disability due to sickle cell disease, as well as the resulting blindness in his right eye and pain attributable to sickle cell disease. (Tr. at 14, 16). At the time of the hearing before the Administrative Law Judge (ALJ), Clayton was thirty-one years old. (Tr. at 15). He has a ninth grade education. *Id*. Clayton's past relevant work experience was as a cook. (Tr. at 15, 18, 19). He has not engaged in substantial gainful activity since December 20, 1992. (Tr. at 15).

After holding an administrative hearing, the ALJ found that Clayton was not disabled at step four of the sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step evaluation process for determining disability). Specifically, the ALJ determined that Clayton had the residual functional capacity (RFC) to perform his past work as a cook. (Tr. at 19). This became the final decision of the Appeals Council on January 8, 1997. (Tr. at 8-9).

### B.    The Standard of Review

The function of this Court on review is not to try the plaintiff's claim *de novo*, but to

---

[2] Although Clayton's motion is entitled as a "Motion for Summary Judgment," I will construe it as a motion to reverse or remand because that is precisely the relief that is being requested.

determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Teter v. Heckler*, 775 F.2d 1104, 1105 (10th Cir. 1985).

It is well settled that if there is substantial evidence to support the Commissioner's decision and if the Commissioner applied correct legal standards, then that decision must be upheld. *Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993). This Court will not reweigh the evidence generally, *Hamilton*, 961 F.2d at 1498, nor second-guess the ALJ's credibility determinations, *Williams v. Bowen*, 844 F.2d 748, 755 (10th Cir. 1988). "However, the district court should not blindly affirm the [Commissioner's] decision but must instead scrutinize the entire record to determine if the plaintiff's claim has been fairly evaluated and the law has been correctly applied." *Hogan v. Schweiker*, 532 F.Supp. 639, 642 (D.Colo. 1982).

### C. The Motion to Reverse or Remand

In his memorandum brief, Clayton essentially provides five arguments supporting his motion to reverse or remand. First, he alleges that the ALJ erred in finding that Clayton had sickle cell anemia, as opposed to sickle cell disease. (Mem. Supp. Mot. to Reverse or Remand at 5-6). Second, Clayton contends that the ALJ erred by failing to find that the loss of vision in Clayton's right eye due to sickle cell disease met one of the listed impairments in the regulations. (Mem. Supp. Mot. to Reverse or Remand at 6-8). Third, Clayton avers that the ALJ erred by

failing to consider Clayton's vision loss in the RFC determination at step four.  (Mem. Supp. Mot. to Reverse or Remand at 8-11).   Fourth, Clayton argues that the ALJ erred by failing to give adequate consideration to Clayton's complaints of pain.  (Mem. Supp. Mot. to Reverse or Remand at 11-17).  Finally, Clayton submits that the ALJ committed error by not ordering a consultative examination to investigate the genitourinary effects of sickle cell disease.  (Mem. Supp. Mot. to Reverse or Remand at 18-19).

Before reviewing the merits of these arguments, I must first address Defendant's argument that this Court should not consider evidence attached to Clayton's briefs that was never before the ALJ or the Appeals Council.  (Def.'s Response to Mot. to Remand at 8-10).  Essentially, Defendant argues that the additional evidence is barred from consideration on review.

A review of this so-called "evidence" shows that it is nothing more than copies of certain regulations of the Commissioner which are available on electronic databases and one post-ALJ medical report pertaining to Clayton's admission to a hospital with a badly cut finger.  (Attach. to Mem. Supp. Mot. to Reverse or Remand).  In my view, none of these attached materials constitutes "new evidence" on whether Clayton is disabled under the Social Security Act.  Because I find that these attached materials are not relevant evidence, there is no need to address Defendant's argument that they should not be considered on appeal.

   **a.**   **Sickle Cell Disease or Sickle Cell Anemia**

In his first argument, Clayton alleges that the ALJ erred in finding that Clayton had sickle cell anemia, instead of sickle cell disease.  (Mem. Supp. Mot. to Reverse or Remand at 5-6).  According to Clayton, this confusion is an example of the ALJ failing to make appropriate findings.  However, Clayton also submits that he is not alleging that this disparity in labeling

Clayton's affliction led to any error in the Listings. Therefore, by Clayton's own admission, this "error" is not grounds for reversing or remanding this action.

### b. Visual Impairment and the Listings

In his second argument, Clayton contends that the ALJ committed error when he failed to properly consider whether Clayton's visual problems, as impaired by sickle cell *disease*, met one of the Listings. (Mem. Supp. Mot. to Reverse or Remand at 6-8). In this regard, Clayton again raises the issue of whether the proper finding should have been for sickle cell disease or sickle cell anemia.

This argument is without merit. The Listing for sickle cell disease is found at 20 C.F.R., Part 404, Subpart P, Appendix 1, § 7.05. I find no nexus between Clayton's argument centering on his visual problems and any conditions set forth in the above Listing. On the contrary, I find that the ALJ's decision that Clayton failed to meet a Listing is supported by substantial evidence in that there are at least three medical records reporting that Clayton's hematocrit level was over the minimum level of 26 percent. (Tr. at 304, 306, 317).

Moreover, I find no relevance on whether the ALJ labels Clayton's condition "sickle cell anemia" or "sickle cell disease" for purposes of the step two inquiry. The relevant Listing is for sickle cell disease and the record demonstrates that the ALJ's determination that Clayton failed to meet the Listing for said condition was supported by substantial evidence. For these reasons, I find no merit to Clayton's second argument and recommend rejection of the same.

### c. Vision Loss and the RFC Finding

Clayton also argues that the ALJ erred by failing to properly consider Clayton's vision loss in the RFC equation. (Mem. Supp. Mot. to Reverse or Remand at 8-11). Specifically, Clayton

submits that the ALJ failed to engage in a proper analysis on the effects that Clayton's visual problems would have on his ability to return to his past relevant work as a cook (step four of the evaluative process).

As correctly noted by Clayton, a determination of a claimant's RFC "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . ." Soc. Sec. Ruling 96-8. This includes consideration of a claimant's nonexertional capacities. *Id*. "For example, in assessing RFC for an individual with a visual impairment, the adjudicator must consider the individual's residual capacity to perform work-related functions such as working with large or small objects, following instructions, or avoiding ordinary hazards in the workplace." *Id*.

The evidence in the record demonstrates that Clayton had lost most vision in his right eye and had a visual acuity problem in his left eye due to sickle cell retinopathy. (Tr. at 312-13). His vision was noted as being 20/300 in his right eye and 20/100 in his left eye, as of December 1994. (Tr. at 316). He underwent surgery on his right eye on May 16, 1995. (Tr. at 337-38).

In his decision, the ALJ completely failed to analyze the effects that Clayton's visual problems would have on his RFC to return to his past work as a cook. Instead, the ALJ's RFC determination focuses on Clayton's physical abilities to do his past work. (*See* Tr. at 17-18). In my view, this is contrary to the Commissioner's own rulings, which require inquiry into both exertional and nonexertional factors. *See* Soc. Sec. Ruling 96-8.

On this score, the ALJ's solitary comment that Clayton's post-operative visit showed Clayton was "doing well without post-operative complications" is entitled to little weight. First, it is dubious to assume that the doctor's post-operative note could mean much more than that

6

Clayton's operation appeared to go well. There was never any conclusive evidence cited by the ALJ to indicate some significant improvement in Clayton's vision. Second, that lone citation by the ALJ still fails to consider the effect of Clayton's limited vision on his ability to work as a cook. Thus, there is still an absence of proper discussion on this issue.

It is well settled that the Commissioner "must consider the combined effects of impairments that may not be severe individually, but which in combination may constitute a severe medical disability." *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). In my view, the ALJ failed to consider Clayton's visual problems and its effects on returning to his past work. The ALJ also failed to consider Clayton's visual impairment in combination with any physical limitations in making the step four inquiry. For these reasons, I recommend that this cause be remanded for a proper determination at step four, at which time all of Clayton's impairments can be factored into the step four equation.

### d. Clayton's Complaints of Pain

Clayton also argues that the ALJ erred by failing to give proper consideration to Clayton's pain. (Mem. Supp. Mot. to Reverse or Remand at 11-17). More specifically, Clayton points out that because sickle cell disease is almost always expected to cause pain, that the ALJ was required to formally discuss the issue in detail. *Id*. at 16.

In his response brief, Defendant contends that the ALJ gave the proper consideration regarding pain because the record does not contain "objective clinically acceptable evidence" that Clayton's pain precluded him from performing any work. (Def.'s Response Br. at 5). According to Defendant, Plaintiff's subjective complaints of pain, without being supported by objective correlative evidence, were properly discounted by the ALJ. *Id*.

A review of the ALJ's decision demonstrates that the ALJ never made a finding that a pain-producing impairment exists. According to Defendant, this non-finding was due to Clayton's failure to produce objective medical evidence of pain and instead relying exclusively on his own subjective complaints. (Def.'s Response Br. at 5).

I agree with Defendant. A review of the entire record shows that the pertinent medical records only indicate that Clayton complained of minor aches and pains, or of general muscle cramps. (Tr. at 209-11, 312-13). Further, I disagree with Clayton's apparent contention that the ALJ should have engaged in analyzing Clayton's possible *future* problems associated with pain. (Mem. Supp. Mot. to Reverse or Remand at 14-16). A prospective analysis is not required. *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987) (pain-producing impairment must be proven by objective medical evidence). Instead, the law requires that the ALJ consider subjective complaints of pain, along with any corroborating medical evidence, the claimant's daily activities, any medication, symptoms, etc., in making the pain inquiry. *Id.* at 165-66. Finally, "to be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986). In my view, the ALJ dealt properly with the issue of pain.

For these reasons, I recommend that Clayton's argument regarding pain be denied as a basis for reversal or for remand. However, if this cause should be remanded, the Commissioner may further delve into any evidence of pain if the disability inquiry demands it.

    e.    **Consultative Examination**

Finally, Clayton argues that the ALJ erred in failing to order a consultative examination to evaluate the genitourinary effects resulting from Clayton's sickle cell disease. (Mem. Supp. Mot.

to Reverse or Remand at 18-19).  Based upon my earlier recommendation to remand to properly consider Clayton's visual impairment and its effect on his returning to his work as a cook, I take no position on the issue of a consultative examination.  Of course, if remand is granted, the Commissioner can consider whether a consultative examination is warranted.

### MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

For the aforementioned reasons, and mindful of the proper standard of review, I find that the Commissioner failed to properly consider the effects that Clayton's visual impairment could have on his ability to return to his past relevant work as a cook.  For this reason, I find that the Commissioner's decision that Clayton is not disabled at step four of the evaluation process is not supported by substantial evidence.  Consequently, I recommend that this cause be remanded for further proceedings consistent with these Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
United States Magistrate Judge