UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**BILLY D. CLAYTON**,

       Plaintiff,

vs.

                                             No. CIV 1:97-327 JP/LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security[1]**,

       Defendant.

**MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION**

Within ten days after receiving a copy of the Magistrate Judge's Amended Recommended Disposition a party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections. A party must file any objections within the 10 day period if the party desires review by the district court. **In the absence of timely filed objections, no review will be undertaken.**

This matter comes before the Court upon Plaintiff's Application for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412, filed on March 31, 1998. Plaintiff requests the Court to authorize attorney's fees in the amount of $6,891.80. The Commissioner contends that this amount is excessive, and that Plaintiff should receive only $3,175.00. For the following reasons, I recommend awarding the amount claimed by the Commissioner.

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for Acting Commissioner John J. Callahan as the defendant in this suit.

Plaintiff Billy D. Clayton applied for Supplemental Security Income and Disability Insurance benefits in 1993, but his application was denied. In March, 1997 he appealed, and in January, 1998 this Court reversed and remanded the case. The Equal Access to Justice Act ("EAJA") provides that a party who prevails in a proceeding reviewing government agency action is entitled to an award of fees and costs if the United States' position in the litigation is not substantially justified. 28 U.S.C. Sec. 2412(d). In the present case, the Plaintiff claimed, and the Commissioner did not dispute, that Clayton was the prevailing party and that the United States' position was not substantially justified. Accordingly, the sole issue is whether his fee request is reasonable. *Commissioner INS v. Jean,* 496 U.S. 154, 160-61 (1990).

The starting point in determining attorney's fees is to arrive at a lodestar figure by multiplying a reasonable hourly rate by the number of hours worked. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). If either the hourly rate or the number of hours worked is excessive, the fee award should be reduced. *Jordan v. U.S. Dept. Of Justice,* 691 F.2d 514, 521 (D.C.Cir. 1982). In his EAJA fee application, Plaintiff submitted an affidavit detailing 50.75 hours spent reviewing the file, and researching, drafting, and editing the two appellate briefs, as well as three hours preparing the fee application, at $125.00 per hour. He also claimed $150.00 for the filing fee and $23.05 for postage.

The Commissioner concedes that Plaintiff is entitled to reimbursement of the filing fee, and likewise does not dispute the reasonableness of Plaintiff's $125.00 per hour billing rate. However, he contends that Plaintiff is not entitled to reimbursement for postage, citing *Weakley v. Bowen,* 803 F.2d 575, 580 (8th Cir. 1986), and that the 53.75 hours Plaintiff billed was excessive, compared with the average amount of money billed in EAJA Social Security appeals in

this district and considering the Plaintiff's reliance on a single case in his appeal.

Courts have split on whether to take a passive or an active role in analyzing EAJA fee requests. The passive approach is exemplified by *Ussery v. Brown,* 10 Vet. App. 51, 54 (1997), where the court refused to do an in-depth analysis of the reasonableness of the number of hours billed because "the Secretary has offered no evidence or standard for the court to apply, other than his own apparent conclusion that, perhaps, a more efficient attorney might have been able to accomplish these tasks in less time."  The active approach is exemplified by *Elzey v. Chater*, 927 F.Supp. 1436, 1438 (D.Kan. 1996), where, upon a similarly conclusory objection, the court "reviewed the entire court file, and considered the contingency nature of the attorney's fee arrangement, the delay in the payment of fees, the complexity of the issues presented, the success and the quality of the representation."

The Commissioner's objections in the present case are only slightly better than those found insufficient in *Ussery*. The lack of evidence supporting their claim of the average amount of hours billed in EAJA cases, as well as the failure to compare the record, complexity of the issues, and quality of the Plaintiff's appellate briefs in the present case with those of cases where the average amount of fees was requested, renders their objections insufficient to meet the burden required under *Ussery*.  Under the more liberal standard in *Elzey,* however, the Commissioner's objections are sufficient to require this Court to conduct its own analysis based upon a review of the appellate record, and a comparison of the case with others of similar complexity.

Under the criteria employed by the court in *Elzey*, 53.75 hours appears excessive. Although  Plaintiff claims in his reply brief that it was necessary to do extensive research beyond

the single case upon which he ultimately relied because it was necessary for him to "raise all arguable issues, in order to preserve all of [his] clients rights, i.e. not to put [his] client's fate hanging upon the reliance of only one case", the Court rejected his other four arguments. *See Clayton v. Apfel*, No. CIV 97-607, slip op. at 6-9. (D.N.M. Jan. 14, 1998.) Considering that he was unsuccessful arguing these other theories, and that his successful argument was not partricularly complex, and based upon my experience as a judge and as an attorney handling social security cases, I recommend that the fee in this case not be significantly higher than the amount paid in cases of similar complexity, such as *Flores v. Apfel,* No. CIV 96-1689, (D.N.M. Mar. 27, 1998).

      Accordingly, the Court recommends authorizing a payment of $3,275.00 to Plaintiff, representing 25 hours at $125.00 per hour, plus $150.00 for the filing fee. I further recommend that Plaintiff's claim for $23.05 for postage be denied. Plaintiff has requested leave to amend his application to include an additional 7.2 hours for preparing a reply to the Commissioner's objections, however, since the reply did not cite any authority relevant to the resolution of the issue, I recommend that that request be denied. *Compare Cooper v. U.S.R.R. Retirement Bd.*, 24 F.3d 1414, 1418 (D.C. Cir. 1994).

      Because of the lack of precedent in this jurisdiction regarding whether courts should take a passive or an active approach in analyzing the reasonableness of attorney's fees applications in EAJA claims, I felt it necessary in the present case to conduct an in-depth analysis despite the Commissioner's conclusory objections. However, the Court is persuaded that judicial economy is better served through the passive approach used by the Court of Veteran's Appeals in *Ussery,* and recommends that the District apply that approach in future cases. I would accordingly recommend

that Plaintiff be awarded the sum of $ 3,275.00 for his attorney's fees, and that the sum of $3,275.00 be paid directly to Plaintiff's attorney, Timothy N. Derigo.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE

5